UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Kyzer, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00851-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Federal Home Loan Mortgage Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 13) filed by Defendant Federal Home Loan Mortgage Corporation, to which Plaintiff Steven Kyzer filed a Response and Countermotion for Leave to Amend (ECF No. 20), and Defendant filed a Reply (ECF No. 24).

**I. BACKGROUND**

Plaintiff originally filed his Complaint in state court on March 7, 2013. (Ex. B to Notice of Removal, ECF No. 1-2.) Plaintiff's two-page Complaint is almost identical to other complaints filed in foreclosure actions removed to the District of Nevada, alleging intentional misrepresentation and negligent misrepresentation. *See* Compl., ECF No. 1-1, *Duenas v. Bank of America*, No. 2:13-cv-00354-GMN-GWF (filed in state court on Jan. 23, 2013); Compl., ECF No. 1-1, *Gamboa v. Goldman Sachs & Co.*, No. 2:13-cv-00282-GMN-CWH (filed in state court on Jan. 23, 2013); Compl., ECF No. 1, *Torres v. Deutsche Bank AG*, No. 2:13-cv-00363-GMN-NJK (filed in state court on Jan. 23, 2013); Compl., ECF No. 1-1, *Chavez v. Deutsche Bank Trust*, No. 2:13-cv-00732-GMN-PAL (filed in state court on Jan. 24, 2013); Compl., ECF No. 1-1, *Gonzalez v. Bank of New York Mellon*, No. 2:13-cv-00306-GMN-CWH (filed in state court on January 28, 2013); Compl., ECF No. 1-1, *Pina v. Bank of New York Mellon*, No. 2:13-

cv-00444-GMN-VCF (filed in state court on February 6, 2013); Compl., ECF No. 1-1, *Avila v. Federal National Mortgage Association*, No. 2:13-cv-00569-GMN-GWF (filed in state court on March 6, 2013); and Compl., ECF No. 1-1, *Ramirez v. Federal Home Loan Mortgage Corporation*, No. 2:13-cv-00706-GMN-NJK (filed in state court on March 26, 2013). None of the claims in these actions has survived scrutiny on the basis of the pleadings.

After obtaining a ruling from this Court to set aside the default that was entered in state court (Mins. of Proceedings, ECF No. 12), Defendant filed its Motion to Dismiss (ECF No. 13) Plaintiff's claims for failure to state a claim on which relief can be granted, attaching as exhibits publicly recorded documents relating to Plaintiff's claims.

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

With his Countermotion to Amend (ECF No. 21), Plaintiff failed to comply with Rule II.15-1 of the Local Rules of Civil Practice for the District of Nevada, which requires a moving party to attach a proposed amended pleading along with any motion to amend. Although Plaintiff refers to a proposed Amended Complaint attached to the motion (*id*. at 10:17-18), no such attachment was submitted to the Court. Therefore, the Court will deny Plaintiff's Countermotion to Amend (ECF No. 21) on this basis.

The Court will also grant Defendant's Motion to Dismiss (ECF No. 13) Plaintiff's

1 claims for failure to state a claim on which relief can be granted under Rule 12(b)(6).
2 However, as discussed below, the Court will dismiss Plaintiff's claims without prejudice, and
3 will grant leave to amend under Rule 15(a).

4 To state a claim for fraud or misrepresentation, a plaintiff must allege three factors: (1) a
5 false representation by the defendant that is made with either knowledge or belief that it is false
6 or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that
7 result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud
8 or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging
9 fraud or mistake must include allegations of the time, place, and specific content of the alleged
10 false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476
11 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple
12 defendants together but requires plaintiffs to differentiate their allegations when suing more
13 than one defendant and inform each defendant separately of the allegations surrounding his
14 alleged participation in the fraud." *Id*.

15 Here, Plaintiff's allegations, taken together with the judicially noticeable documents
16 submitted to the Court by Defendant, demonstrate an insufficient factual basis to satisfy the
17 pleading requirements of Rule 9(b). Furthermore, even taking all material allegations as true
18 and construe them in the light most favorable to Plaintiff, the Court cannot find that Plaintiff
19 has alleged sufficient facts so as to render plausible an inference that Defendant has committed
20 the violations Plaintiff claims. For this reason, Plaintiff's Complaint must be dismissed
21 pursuant to Rule 12(b)(6) for failure to state a legally cognizable claim and the grounds upon
22 which it rests.

23 However, the Court finds no basis to determine that there is no possibility for Plaintiff to
24 cure this deficiency through amendment. Therefore, notwithstanding Plaintiff's failure to
25 comply with Local Rule II.15-1, the Court will grant leave to amend pursuant to Rule 15(a) of

the Federal Rules of Civil Procedure.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 13) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.  Plaintiff shall have until February 14, 2014, to file an amended pleading.  Failure to do so by this deadline shall result in dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that the Countermotion for Leave to Amend (ECF No. 21) is **DENIED**.

**DATED** this 30th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court